AMSL LEGAL GROUP, LLP
Starlet J. Japp (State Bar No. 243097)
Chris C. Chapman (State Bar No. 234738)
Tanya C. McCullah (State Bar No. 279614)
400 Exchange, Suite 100
Irvine, California 92602
Telephone:   949-265-9940
Facsimile:    949-236-5567

Attorneys for Defendants,
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-
THROUGH TRUST 2005-22, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES
2005-22 (erroneously named as "THE BANK OF NEW YORK MELLON f.k.a. THE BANK OF
NEW YORK, as Trustee for the CHL MORTGAGE PASS-THROUGH TRUST 2005-22,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-22"); and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOR C. KENNEDY, | Case No.: |
| Plaintiff, | Honorable: |
| vs. | [Removed from Alameda County Superior Court, Case No. RG14724549] |
| BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON f.k.a. THE BANK OF NEW YORK, as Trustee for the  CHL MORTGAGE PASS-THROUGH TRUST 2005-22, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-22; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, N.A.; and DOES 1 through 100, inclusive, | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED UPON DIVERSITY OF CITIZENSHIP**<br><br>**[28 U.S.C. § 1332, 28 U.S.C. § 1367, 28 U.S.C. 1441, 28 U.S.C. § 1446]**<br><br>Complaint Filed: May 7, 2014 |
| Defendants. | |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants THE BANK OF NEW YORK MELLON

FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED UPON DIVERSITY

1

CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-22, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-22 (erroneously named as "THE BANK OF NEW YORK MELLON f.k.a. THE BANK OF NEW YORK, as Trustee for the CHL MORTGAGE PASS-THROUGH TRUST 2005-22, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-22") ("BONY") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively BONY and MERS shall be referred to as "Defendants"), hereby remove this action from the Superior Court of California, Alameda County, to the United States District Court for the Northern District of California, based upon complete diversity among the parties as further described below:

**<u>ALL PROCEDURAL REQUIREMENTS OF REMOVAL HAVE BEEN SATISFIED</u>**

1.      Plaintiff THOR C. KENNEDY ("Plaintiff") filed a Complaint in Alameda County Superior Court on May 7, 2014, styled *Kennedy v. Bank of America, N.A., et al.,*, which was designated as Case No. RG14724549 (the "State Court Action"). (A true and correct copy of the court docket is attached as **Exhibit 1** and true and correct copies of all documents filed in the State Court Action in Defendants' possession are attached hereto as **Exhibit 2** (Complaint) and **Exhibit 3** (Declaration of Non-Monetary Status).)

2.      Plaintiff's lawsuit arises from a dispute regarding a loan evidenced by a Promissory Note and Deed of Trust secured by real property located at 5569 Balt Court, Fremont, CA 94538 (the "Property").

3.      Plaintiff's Complaint alleges seven separate causes of action for (1) Declaratory Relief, (2) Fraud, (3) Quiet Title, (4) Cancellation of Instruments, (5) Violation of Business & Professions Code § 17200 Et. Seq., (6) Unjust Enrichment, and (7) Accounting. (A true and correct copy of the Plaintiff's Complaint is attached as **Exhibit 2.**)

4.      BANK OF AMERICA, N.A. ("BANA"), BONY, MERS, RECONTRUST COMPANY, N.A. ("RECONTRUST"), and DOES 1 through 100 are the only named defendants in this action.

---

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED UPON DIVERSITY

2

5.      This Notice of removal is brought on behalf of defendants BONY and MERS. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) (with exceptions, all defendants named in the state action must join the notice of removal); 28 U.S.C. § 1441(c)(2). "DOES 1 through 100" have not been named or served, and their consent is not required. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1428 (9th Cir. 1984) (overruled on other grounds); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (requiring consent only from defendants "properly joined and served in the action"). BANA and RECONTRUST has consented to this removal through its counsel. *Proctor v. Vishay Intertechnology Inc.* 584 F.3d 1208, 1225 (9th Cir. 2009) [For purposes of the joinder/consent of all defendants to a removal, the Ninth Circuit only requires that at least one attorney of record sign the notice and certify that the remaining defendants consent to removal]. Defendant RECONTRUST has appeared in the State Court Action by filing a Declaration of Non-Monetary Status on June 9, 2014. (**Exhibit 3**.). Notwithstanding, RECONTRUST is a nominal and/or sham party who was fraudulently joined to the action and whose consent is not required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

6.      Removal of this action is timely. Plaintiff's Complaint was filed on May 7, 2014. Upon information and belief, and based upon review of information contained on the state court's docket, BONY and MERS have not yet been served. This removal is being made within 30 days of service. Removal therefore comports with the timing requirements of 28 U.S.C. § 1446(b)(2)(A) ("[e]ach defendant shall have 30 days after receipt of the by service on that defendant…to file the notice of removal.").

7.      No previous request has been made for removal.

8.      The Northern District of California is the proper venue for the removal. The Superior Court of the County of Alameda, is located within the Northern District of California.

1   *See* 28 U.S.C. § 84(c)(2). Thus, venue is proper in this Court because it is the "district and
2   division embracing the place where such action is pending." 28 U.S.C. § 1441(b).

3       9.      This action is removable to the instant Court because it originally could have
4   been filed in this Court pursuant to 28 U.S.C. § 1441(b).

5                               **DIVERSITY JURISDICTION**

6       10.     This action is removed to the instant Court pursuant to the existence of diversity
7   jurisdiction between the parties. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332. Diversity jurisdiction
8   exists because this is a civil action between citizens of different states and the matter in
9   controversy exceeds the sum of $75,000.00. Supplemental jurisdiction exists with respect to any
10  remaining claims pursuant to 28 U.S.C. § 1367. Diversity exists between the parties at the time
11  the action was commenced and at the time of this notice of removal. *Strotek Corp. v. Air Transp.*
12  *Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

13                          **CITIZENSHIP OF THE PARTIES**

14      11.     Plaintiff is domiciled in the State of California. The Complaint situates Plaintiff
15  as a resident of and the owner of real property in Alameda County, California. (**Exhibit 2,**
16  Complaint ¶ 14.) The Complaint concerns the property located at 5569 Balt Court, Fremont, CA
17  94538 (the "Subject Property"). Plaintiff's Complaint alleges that Plaintiff resides and is a
18  "domicile" of Fremont, California, and Plaintiff has filed suit with respect to a foreclosure of real
19  property in Alameda County, California. Accordingly, Plaintiff is domiciled in California, and
20  therefore a citizen of California for diversity purposes. (**Exhibit 2,** Complaint ¶ 14.) *See Lew v.*
21  *Moss*, 797 F.2d 747, 749 -750 (9th Cir. 1986) (a person is domiciled in a location where he or
22  she has established a fixed habitation or abode in a particular place, and intends to remain there
23  permanently or indefinitely). Therefore, Plaintiff is a citizen of California for purposes of
24  diversity jurisdiction.

25      12.     Defendant BANA is a national banking association, with its headquarters in
26  North Carolina. (**Exhibit 4.**) For the purposes of determining diversity of citizenship, a national
27  banking association is deemed to be a citizen of the State in which it is located. 28 U.S.C. §

28  _____
    NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED UPON DIVERSITY
                                      4

1348. BANA is headquartered in North Carolina. Therefore, BANA is a citizen of North Carolina for purposes of diversity jurisdiction.

13. Defendant BONY is a New York corporation with its headquarters and principal place of business in New York, NY. (**Exhibit 5**.) Therefore, pursuant to 12 U.S.C. § 1332(c), BONY is deemed a citizen of New York. *See*, *Clark v. Bank of America NA*, 2012 WL 4793465, at * 4 (N.D. Texas, 2012) ("The Bank of New York Mellon is a citizen of New York because that is where it is incorporated and maintains its principal place of business.") (citing *McCarthy v. Bank of New York Mellon*, 2010 WL 2144241, at *1 (D. Mass., 2010)). As such, BONY is a citizen of New York for purposes of diversity.

14. Defendant MERS is a Delaware corporation with its principal place of business in Reston, Virginia. (**Exhibit 6**.) Therefore, MERS is a citizen of Delaware and Virginia for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

15. Defendant RECONTRUST's citizenship is irrelevant to the diversity inquiry because it is a nominal party who filed a declaration of non-monetary status in the State Court Action on June 9, 2014. In determining whether complete diversity exists, courts "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 873 (9th Cir. 2000) (internal quotation marks omitted). The Ninth Circuit has explained that "[a] nominal defendant is a person who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute. The paradigmatic nominal defendant is a trustee, agent or depositary who is joined purely as a means of facilitating collection." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotation marks, alterations, and citations omitted). Here, RECONTRUST has filed a Declaration of Non-monetary Status asserting that they are a nominal defendant that has no interest in the action. *Figueiredo v. Aurora Loan*, 2009 WL 5184472, at *1 (N.D. Cal. Dec. 22, 2009) ("the filing of Cal-Western's declaration of non-monetary status in state court on October 6 transformed Cal-Western into a nominal party whose

citizenship is disregarded for purposes of assessing diversity jurisdiction"). No objection has been filed.

16.    In addition to being a nominal party, RECONTRUST has also been fraudulently joined, is a sham defendant, and its citizenship should also be disregarded for this separate ground. As observed in *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), "It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." The term "fraudulent joinder," however, is a term of art. *Id.*  The motive of the plaintiff need not be "fraudulent" in the ordinary sense; rather, fraudulent joinder has occurred where "the plaintiff fails to state a cause of action against a resident defendant." *Id*. Indeed, "the test for fraudulent joinder resembles a Rule 12(b)(6) analysis." *TPS Utilicom Servs. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002).

17.    To state a claim in a civil action, a plaintiff must allege the transaction or occurrence giving rise to the claim and the elements of the prima facie case. *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The Court need not, however, accept allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). As the Supreme Court has confirmed over the course of its recent decisions:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant s liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.")

18.    Here, Plaintiff's Complaint is absolutely bereft of any facts or allegations demonstrating any liability or wrongdoing on the part of RECONTRUST. Plaintiff's allegations

have no application to RECONTRUST, because RECONTRUST is merely the current trustee and holds absolutely no interest in Plaintiff's Loan. In addition, Plaintiff's contention that RECONTRUST lacked authority to record the Notice of Default and Notice of Trustee's Sale is contradicted by the recorded Substitution of Trustee, which constitutes "conclusive evidence of the authority of the substituted trustee or his or her agents to act" pursuant to Civil Code section 2924 et seq. *Civ. Code* §2934a(d). Accordingly, RECONTRUST has been fraudulently joined as Plaintiff fails to allege a claim against RECONTRUST, so RECONTRUST is nothing more than a sham defendant and its citizenship should not be considered for subject matter jurisdiction.

19. The remaining defendants are named as "Doe" defendants, and as such, are disregarded in determining existence of diversity. 28 U.S.C. 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

20. The element of diversity of citizenship is met in that each Defendant in this action is a citizen of a different state than the Plaintiff.

21. Currently, there are no other, named parties to this action. Consequently, complete diversity is established by virtue of the preceding paragraphs.

### AMOUNT IN CONTROVERSY

22. "[T]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs". 28 U.S.C. § 1332(a). The amount in controversy may be determined by the amount demanded in the Complaint. 28 U.S.C. § 1446(c)(2) ("the sum demanded in the initial pleading shall be deemed to be the amount in controversy"); *St. Paul Mercury Indem. Co. v. Red Cab Co.* (1938) 303 US 283, 289. The removing defendant's burden to show the amount in controversy exceeds $75,000 may be satisfied if it is "facially apparent from the complaint" or through "summary-judgment-type evidence." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, it is "facially apparent from the complaint" that the amount in controversy exceeds the

jurisdictional amount of $75,000. (**Exhibit** 2, Complaint, 43:17, "The damages claimed by Plaintiff exceed $75,000.")

23.     The amount in controversy for jurisdictional purposes may also be determined by the amount of damages or the value of the property (i.e. object) that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm'n*, 432 US 333, 347-348 (1977); *Meisel v. Allstate Indem. Co.,* 357 F.Supp.2d 1222, 1225 (E.D.Cal. 2005). Here, the relief sought by the claims of the Complaint far exceeds the $75,000 threshold.

24.     Plaintiff seeks relief to enjoin the sale of the Subject Property and/or to prevent Defendants from claiming any estate, right, title or interest in the Subject Property. (**Exhibit** 2, Complaint, 43:26-28). Thus, the amount in controversy may be determined by the value of the object of the litigation, here, the Subject Property. See *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2448 (1997); see also, *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004 (N.D. Cal. 2002). "In actions seeking declaratory or injunctive relief, it is well established that that the amount in controversy is measured by the value of the object of the litigation." *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at * 4 (N.D. Cal. June 29, 2010) (quoting *Hunt*, 432 U.S. at 347.) "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *Id.* (citing "*Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)).

25.     Here, Plaintiff seeks an injunction preventing Defendants from selling the Subject Property. (**Exhibit** 2, Complaint, 43:26-28.) Plaintiff also seeks to quiet title to the Property with the third claim. (**Exhibit 2**, Complaint, ¶¶ 108-112.) The value of the Subject Property at issue in this case is well over $75,000. Plaintiff admits he received a first-lien mortgage in the amount of $572,000.00 secured by a Deed of Trust on the Subject Property. (**Exhibit 2**, Complaint, ¶ 21; **Exhibits A** and **B** to Complaint.)  Further, the Alameda County Tax Collector shows the most recent total assessed value as $782,088.00 ($234,626.00 land + $547,462.00 improvements). *Delgado v. Bank of America Corp.*, 2009 WL 4163525 *6 (E.D. Cal. Nov.23, 2009) [the amount in controversy was satisfied in removal where fair market value of the property exceeded

---

$75,000]. (Attached as **Exhibit 7** is a true and correct copy of the Alameda County Tax Collector's information on its website relating to the Subject Property.) Thus, the object of the litigation, the Subject Property, exceeds the $75,000.00 jurisdictional amount for this Court.

26. In light of the foregoing financial considerations, the amount in controversy clearly exceeds the $75,000.00 threshold.

## CONCLUSION

27. In light of the foregoing, this action is properly removed to this Court pursuant to 28 U.S.C. Sections 1332, 1441, and 1446.

28. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1441(c). 28 U.S.C. § 1367.

29. By this notice of removal and the associated attachments, Defendants do not waive any objections they may have as to service, jurisdiction, venue, or any other defenses or objections they may have to this action. Defendants intend to convey no admission of fact, law, or liability by virtue of this notice, and they expressly reserve all defenses, motions and/or pleas.

30. Defendants pray that the State Court Action be removed to this Court, that all further proceedings in the state court be stayed, and that Defendants receive all additional relief to which they are entitled.

///

///

///

///

///

///

///

///

///

///

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED UPON DIVERSITY

1    31.    Accordingly, at the time of this notice of removal and at the time this action was

2  commenced, there is complete diversity of citizenship and the amount in controversy in this

3  action exceeds the sum of $75,000.00, exclusive of interest and costs. Thus, this action is

4  properly removed to this Court pursuant to 28 U.S.C. § 1332; 28 U.S.C. § 1367; and 28 U.S.C. §

5  1441(b).

6  Dated:  June 10, 2014                          AMSL LEGAL GROUP, LLP

7
                                             By: /s/ Tanya C. McCullah
8                                                Tanya C. McCullah
                                                 Attorneys for Defendants,
9                                                THE BANK OF NEW YORK MELLON
                                                 FKA THE BANK OF NEW YORK AS
10                                               TRUSTEE FOR THE
                                                 CERTIFICATEHOLDERS OF CWMBS,
11                                               INC., CHL MORTGAGE PASS-
                                                 THROUGH TRUST 2005-22,
12                                               MORTGAGE PASS-THROUGH
                                                 CERTIFICATES, SERIES 2005-22; and
13                                               MORTGAGE ELECTRONIC
                                                 REGISTRATION SYSTEMS, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28